UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAIN L. BARKER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R. NEUSCHMID,<br><br>　　　　　Respondent. | No. 2:18-cv-3053 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

I. <u>Introduction</u>

Petitioner is a state prisoner incarcerated at California State Prison Solano (CSP-SOL) under the authority of the California Department of Corrections and Rehabilitation (CDCR). Petitioner proceeds pro se with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See ECF No. 1. Petitioner paid the filing fee. Currently pending is respondent's motion to dismiss this action on the ground it was commenced beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act (AEDPA), as set forth in 28 U.S.C. § 2244(d), and because the petition raises only state law claims not cognizable in federal habeas. ECF No. 13. Petitioner filed an opposition to the motion, ECF No. 16, and respondent filed a reply, ECF No. 20.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends that respondent's motion to dismiss this action be granted.

## II. The Petition

Petitioner was convicted on numerous charges and sentenced on August 6, 1997 to consecutive terms of 20 years under the Determinate Sentence Law (DSL), and 7-years-to-life under the Indeterminate Sentence Law (ISL). Applying plaintiff's net credits, CDCR calculated petitioner's Earliest Possible Release Date (EPRD) under the DSL as September 17, 2014, finding that his DSL term ended on September 16, 2014. See ECF No. 1 at 10; see also id. at 11-4.

In the instant federal habeas petition, filed September 19, 2018,[1] petitioner seeks immediate release to parole on the ground that he has been unlawfully confined since expiration of his determinate prison term on September 16, 2014. See ECF No. 1. Petitioner claims violations of his federal rights to due process and to be free from cruel and unusual punishment.

## III. State Court Exhaustion

Respondent has provided information about petitioner's state court requests for collateral review. Only the most recent petitions raised and exhausted the same claim presented in the instant case.[2] Petitioner first raised his present claim before the Solano County Superior Court in

---

[1] Unless otherwise noted, filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs it and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

[2] The following prior petitions are not directly relevant to the instant federal petition. On February 27, 2015, petitioner filed a petition in the California Supreme Court contending that his life sentence based on his attempted murder conviction was illegal and should be vacated. See ECF No. 13 at 6-16 (Rp. Ex. 1, Cal. Sup. Ct. Pet. S224814). The petition included copies of the Superior Court's denial of the same claim on January 12, 2015, id. at 18-9; and the denial of the California Court of Appeal on February 9, 2015, id. at 21. Petitioner's Supreme Court petition was denied on May 13, 2015, with citations to In re Robbins (1998) 18 Cal. 4th 770, 780, and In re Dixon (1953) 41 Cal. 2d 756, 759. ECF No. 13 at 23-4 (Rp. Ex. 2, Cal. Sup. Ct. Order S224814). Petitioner then filed a federal habeas petition in the Northern District raising the same claim. ECF No. 13 at 25-40 (Rp. Ex. 3, No. Dist. Cal. Pet. 03:15-cv-4478 JSC). The petition was dismissed as successive. Id. at 41-5 (Rp. Ex. 4, Aug. 15, 2016 Order).

The following petitions also involved matters other than the claim before this court. On July 16, 2015, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court alleging, inter alia, that the ISL was being improperly applied to him because he was sentenced under the DSL; that he need only serve 7 years under the ISL; that the Board of Parole Hearings (BPH) has no authority to release petitioner from prison, only to supervise him on parole; and that the court should direct CDCR to designate September 16, 2021 as petitioner's EPRD, not his Minimum Eligible Parole Date (MEPD), and to remove all references to MEDP and the ISL removed from his file. The Superior Court denied the petition by order filed September 11, 2015. ECF No. 13 at 46-9 (Rp. Ex. 5, Super. Ct. Order FCR315725) (a copy of this petition was not provided). Petitioner then filed a petition in the California Court of Appeal concerning these matters, which was denied on October 1, 2015. Id. at 86. On October 21, 2015,

a petition for writ of habeas corpus filed November 15, 2017. Petitioner claimed therein that CDCR was unlawfully holding him after the expiration of his DSL term. See ECF No. 13 at 90-113 (Rp. Ex. 8, Super. Ct. Pet. FCR333987). The superior court denied the petition on January 19, 2018. Id. at 115-16 (Rp. Ex. 9, Super. Ct. Order).

On February 26, 2018, petitioner raised the same claim in a petition for writ of habeas corpus filed in the California Court of Appeal. Id. at 118-49 (Rp. Ex. 10, Ct. of App. Pet. A153731). That petition was summarily denied on February 28, 2018. Id. at 151 (Rp. Ex. 11, Ct. of App. Order).

On April 6, 2018, Barker filed a petition in the California Supreme Court in which he again raised the same claim. Id. at 152-86 (Rp. Ex. 12, Sup. Ct. Pet. S248070). That petition was denied on July 11, 2018 with the following citation: "See In re Miller (1941) 17 Cal. 2d 734, 735 [courts will not entertain habeas corpus claims that are repetitive]." Id. at 188 (Rp. Ex. 13, Sup. Ct. Dkt.).

Petitioner filed his federal petition for writ of habeas corpus in the instant case on September 19, 2018 (docketed October 22, 2018). ECF No. 1.

IV. Motion to Dismiss & Opposition

Respondent moves to dismiss the instant petition on the grounds that (1) it was filed beyond AEDPA's one-year statute of limitations, and (2) raises only state claims that are not cognizable in federal habeas. ECF No. 13.

Petitioner opposes the motion on the grounds that the "state corrective process" is ineffective in protecting his rights; petitioner's extended incarceration violates his federal due process rights and right to be free from cruel and unusual punishment; and petitioner acted diligently in bringing his federal habeas petition. ECF No. 16 at 1-3.

V. Analysis

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §

---

Barker filed a petition in the California Supreme Court in which he raised the same claims. ECF No. 13 at 50-87 (Rp. Ex. 6, Cal. Sup. Ct. Pet. S230102). The petition was denied on January 20, 2016. Id. at 89 (Rp. Ex. 7, Cal. Sup. Ct. Dkt.).

2244(d)(1).  The statute provides four alternate trigger dates for commencement of the limitations period.  Id., § 2244(d)(1)(A)-(D).  Because petitioner is challenging a state administrative decision, AEDPA's one-year limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  See Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (prison disciplinary decision); Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003) (parole board decision);[3] accord, Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012).  "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims."  Id. at 1172 (citations omitted).  In situations where an administrative appeal is not filed or permitted, the factual predicate is the date on which "[t]he prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."  Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) (citied with approval in Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

  Petitioner contends he was entitled to be paroled after he completed the full term of his determinate sentence, and challenges the failure of CDCR to release him at that time.  Respondent contends, and petitioner does not disagree, that petitioner was aware of the factual predicate for his claim on September 17, 2014 when, following the expiration of his determinate sentence on September 16, 2014, petitioner was not released on parole.  The court agrees.  Accordingly, AEDPA's one-year limitations period commenced the next day, on September 18, 2014.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking direct review, by application of Fed. R. Civ. P. 6(a)).  As a result, absent statutory or equitable tolling, the federal limitations period expired one year later, on September 18, 2015.

  However, petitioner's first state habeas petition, filed November 21, 2017, was filed more than two years after expiration of the limitations period and was therefore untimely.  Petitioner's subsequent state court filings in 2018 were also untimely and thus none of petitioner's state

---

[3] Superseded by regulation as stated in Erbes v. Valenzuela, 2013 WL 3071254, *3 (C.D. Cal. 2013) (parole board decisions may no longer be challenged by administrative appeals).

filings provide a basis for statutory tolling.[4] State habeas petitions filed after the federal statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Although petitioner does not contend that he is entitled to equitable tolling, he attempts to emphasize his diligence in filing his federal petition. See ECF No. 16 at 1. A petitioner's diligence in pursuing his rights may support equitable tolling if petitioner can also demonstrate "'that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The "extraordinary circumstance" must be "beyond a prisoner's control mak[ing] it impossible to file a petition on time," and "the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations and internal quotation marks omitted). There is no evidence that such an extraordinary circumstance was present in the instant case and thus no basis for finding equitable tolling.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal petition was timely only if filed by September 18, 2015. However, the petition was filed on September 19, 2018, three years after the limitations period had expired. For this reason, the instant federal petition must be dismissed.

Petitioner nevertheless advances two arguments. First, petitioner contends that the "exception" set forth in 28 U.S.C. § 2254(b)(1)(B)(ii) applies because available state remedies were ineffective in protecting his rights. See ECF No. 16 at 2. 28 U.S.C. § 2254(b)(1) provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

---

[4] The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 216-17 (2002). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "An untimely petition, however, is not 'properly filed' pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005)); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)).

(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)    (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute creates an exception to the requirement that a petitioner exhaust state court remedies before seeking relief in the federal court; it does not create an exception to AEDPA's one-year statute of limitations. Petitioner's case citations are also inapposite.[5] Here plaintiff exhausted his federal claim in the state courts, although belatedly, and therefore the exception authorized by 28 U.S.C. § 2254(b)(1)(B)(ii) is inapplicable both in theory and in fact.

Petitioner next argues that even if his petition is untimely under AEDPA, it may be considered under Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986), based on the alleged violation of his federal constitutional rights. Haygood was a civil rights damages action filed after Haygood's success in a habeas action challenging his detention beyond the termination of his sentence due to a *calculation error*. The Ninth Circuit affirmed the district court's findings that Haygood's continued detention violated his Fourteenth Amendment right to liberty and due process, and (despite an instructional error found nonprejudicial), that the failure of correctional officials to investigate Haygood's sentence after being put on notice violated his Eighth Amendment right to be free from cruel and unusual punishment. The Ninth Circuit's recognition and affirmance of these federal rights was premised on Haygood's demonstration in his habeas petition that his state sentence had been improperly calculated. Thus, Haygood does not demonstrate that petitioner's challenge to his own sentence presents cognizable Eighth and Fourteenth Amendment claims.

To the contrary, as respondent emphasizes, petitioner's claim that he is entitled to immediate release from state prison rests not on federal law but on California's interpretation and application of its own sentencing laws. As set forth above, the California courts – at every level –

---

[5] See ECF No. 16 at 2 (citing Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000), cert. denied, 532 U.S. 943 (2001) (a federal constitutional claim is not exhausted by raising it for the first time in a petition for discretionary review by the state's highest court)); see also id. (citing Alfaro v. Johnson, 862 F.3d 1176 (9th Cir. 2017) (noting that 28 U.S.C. § 2254(b)(1)(B)(ii) is intended to accord federal review to a petitioner whose exhaustion of state remedies would be futility).

have considered and rejected petitioner's claim that he was entitled to release after completing his determinate sentence term. Thus, even if the instant federal petition were timely filed, it fails to state a federal claim. "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th Cir. 1971)); see also Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) ("the trial court actually had *absolute discretion* to impose either consecutive or concurrent sentences") (original emphasis) (citation omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (citations omitted).

For these several reasons, the undersigned will recommend that respondent's motion to dismiss the instant federal habeas petition be granted.

VI. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 13, be granted; and

2. This habeas corpus action, filed pursuant to 28 U.S.C. § 2254, be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules

7

Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: June 14, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE